## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VONDA JONES, *et al.*<br><br>                              *Plaintiffs*,<br><br>          v.<br><br>U.S. DEPARTMENT OF LABOR, *et al.*<br><br>                              *Defendants*. | Case No. 1:25-cv-12653 |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................i

TABLE OF AUTHORITIES .......................................................................................ii

INTRODUCTION ........................................................................................................1

BACKGROUND ..........................................................................................................2

      A.     The Proposed Class Representatives ...............................................................2

           1.     Vonda Jones............................................................................................2

           2.     Christina Davies .....................................................................................2

           3.     Rochelle St. John ...................................................................................2

           4.     Maria Garcia Pagan ..............................................................................3

      B.     Proposed Class................................................................................................3

ARGUMENT ...............................................................................................................3

   I.     The Proposed Class Meets Rule 23(a) Requirements .....................................4

      A.     The Proposed Class Meets Rule 23(a)(1) Requirements Because it is Sufficiently Numerous........................................................................................4

      B.     The Proposed Class Meets Rule 23(a)(2) Requirements Because It Raises Common Questions of Law and Fact ......................................................6

      C.     The Proposed Class Meets Rule 23(a)(3) Requirements Because the Claims and Defenses of the Representatives are Typical of Those of the Class ...................................................................................................................8

      D.     The Proposed Class Representatives and Class Counsel Can Adequately Represent the Class.......................................................................9

   II.    The Proposed Class Satisfies Rule 23(b)(2) Requirements Because Classwide Injunctive or Declaratory Relief is Appropriate ...........................10

CONCLUSION ...........................................................................................................11

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                          **Page(s)**

*Adair v. Sorenson*, 134 F.R.D.13 (D. Mass. 1991)...................................................................10

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997)...........................................................8, 9

*Andrews v. Bechtel Power Corp.*, 780 F.2d 124 (1st Cir. 1985) ..............................................9

*Baggett v. Ashe*, C.A. No. 11-cv-30223, 2013 WL 2302102 (D. Mass. May 23, 2013)..............9

*Barbara v. Trump*, Civ. No. 25-cv-244, 2025 WL 1904338 (D.N.H. Jul. 10, 2025)....................4

*Bowers v. Russell*, 766 F. Supp. 3d 136 (D. Mass. 2025) ..............................................4

*Comcast Corp. v. Behrend*, 569 U.S. 27 (2013) ...........................................................4

*Doe v. Noem*, 784 F. Supp. 3d 437 (D. Mass. 2025) ......................................................6

*Donovan v. Philip Morris USA, Inc.*, 268 F.R.D. 1 (D. Mass. 2010)...............................4

*Garcia-Rubiera v. Calderon*, 570 F.3d 443 (1st Cir. 2009) .........................................4

*George v. Nat'l Water Main Cleaning Co.*, 286 F.R.D. 168 (D. Mass. 2012)..............................8

*In re Credit Suisse-AOL Sec. Litig.*, 253 F.R.D. 17 (D. Mass. 2008) ...........................8

*In Re New Motor Vehicles Canadian Export Antitrust Litig.*, 522 F.3d 6 (1st Cir. 2008) .............6

*In re Pharm. Indus. Average Wholesale Price Litig.*, 230 F.R.D. 61 (D. Mass. 2005)...................9

*In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516 (3d Cir. 2004) ...........................9

*Matamoros v. Starbucks Corp.*, 699 F.3d 129 (1st Cir. 2012) .....................................9

*McCuin v. Sec'y of Health & Hum. Servs.*, 817 F.2d 161 (1st Cir. 1987)....................................5

*Reid v. Donelan*, 297 F.R.D. 185 (D. Mass. 2014) ..............................................5, 11

*Ruiz v. NEI Gen. Contracting, Inc.*, 719 F. Supp. 3d 139 (D. Mass. 2024) ...................4

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) .........................3

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011)......................................6, 7, 8, 11

**Statutes**

42 U.S.C. § 3056d ...............................................................................................4

42 U.S.C. § 3056l(a)(1) ...................................................................................................1

Full-Year Continuing Appropriations and Extensions Act, 2025, Pub. L. No. 119-4, 139
  Stat. 9 (Mar. 15, 2025)..............................................................................................5

Further Consolidated Appropriations Act, 2024, Pub. L. No. 118-47, Division D, Title
  I, 138 Stat. 460 (Mar. 23, 2024) ...............................................................................5

**Rules**

Fed. R. Civ. P. 23 ................................................................................................*passim*

**Other Authorities**

1 William B. Rubenstein, Newberg on Class Actions § 3:26 (5th ed. 2012).................8

Alicia Wallace, *The Labor Department has suddenly stopped funding a senior job
  training program*, CNN (July 29, 2025), https://perma.cc/3XBF-BW3K .................5

Dep't of Labor, Emp. & Training Admin., Training and Employment Guidance Letter
  No. 13-23, Change 1 (Dec. 30, 2024), https://perma.cc/XL72-UV6Q ....................5

Dep't of Labor, Emp. & Training Admin., Training and Employment Guidance Letter
  No. 18-22 (May 15, 2023), https://perma.cc/E2YQ-AD4S......................................5

Rebecca Rainey, *Senior Job Training Funds Cut Ahead of Benefit Work Mandates*,
  Bloomberg Law (July 18, 2025), https://perma.cc/HQU5-HV2A .............................5

**INTRODUCTION**

Plaintiffs bring this case on behalf of themselves and others similarly situated to challenge Defendants' failure to continue funding Senior Community Service Employment Program (SCSEP) grants for four-year projects as required by law. The Court should grant Plaintiffs' Motion for Class Certification because the proposed class satisfies Federal Rule of Civil Procedure 23.

The proposed class satisfies the requirements of numerosity, commonality, typicality, and adequacy in Fed. R. Civ. P. 23(a) and it is readily ascertainable. In addition to Plaintiffs Vonda Jones, Rochelle St. John, Maria Garcia Pagan, and Christina Davies, the proposed class includes tens of thousands of unemployed older Americans harmed by Defendants' actions, which satisfies the numerosity requirement. The class raises common legal questions that will generate common answers, including whether Defendants' failure to obligate appropriated funds to national SCSEP grantees in the middle of their four-year project period although the Older Americans Act (OAA) instructs those national grants are "to carry [SCSEP] projects … for a period of 4 years" violates the OAA and the Administrative Procedure Act (APA); whether Defendant Department of Labor's (DOL) unexplained and unjustified policy to conduct an indeterminate "review" before continuing the funding is arbitrary and capricious; whether Defendant Office of Management and Budget's refusal to allow DOL to obligate funds for SCSEP is contrary to law; whether Defendants have unlawfully withheld or unreasonably delayed agency action necessary for national SCSEP grantees to carry out projects under a continuous four-year period as required by the OAA, 42 U.S.C. § 3056l(a)(1); and whether Plaintiffs are entitled to an order or writ of mandamus requiring Defendants to fulfill their statutory responsibilities. Proposed class representatives' claims are typical of those whom they seek to represent. And proposed class representatives are adequately represented by a team of

1

attorneys with significant relevant experience from Democracy Forward Foundation and Jacobson Lawyers Group, PLLC.

Finally, the proposed class satisfies Rule 23(b)(2) because Defendants have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Defendants' failure to continue SCSEP grants as required by law has harmed all proposed class members by denying them the opportunity to continue participating in SCSEP, so Plaintiffs seek uniform injunctive relief for all the class members.

## BACKGROUND

### A.    The Proposed Class Representatives

#### 1.    Vonda Jones

Plaintiff Vonda Jones is a 71 year-old resident of Lowndes County, Georgia. Jones Decl. ¶ 1. She participated in SCSEP through a national nonprofit grantee, the National Council on Aging, and worked as a project manager at the Georgia Department of Labor. *Id*. ¶ 6. She participated in SCSEP from August 2024 until Friday, June 27, 2025, when she was furloughed due to the break in SCSEP funding. *Id*. ¶ 15. She has been unemployed since. *Id*. ¶ 18.

#### 2.    Christina Davies

Christina Davies is a 63 year-old resident of Paulding, Ohio. Davies Dec. ¶ 1. She participated in SCSEP through a national nonprofit grantee, the National Council on Aging, from October 2023 until June 30, 2025, when she lost her position at the Paulding Senior Center due to the break in SCSEP funding. *Id*. ¶¶ 1, 7. She has been unemployed since. *Id*. ¶ 8.

#### 3.    Rochelle St. John

Plaintiff Rochelle St. John is a 76 year-old resident of Mashpee, Massachusetts. St. John Decl. ¶ 1. She participated in SCSEP through a national nonprofit grantee, Community Works

International, as a Mashpee Senior Center receptionist from October 8, 2024, until June 30, 2025, when her position was terminated due to the break in SCSEP funding. Id. ¶¶ 5, 13. Ms. St. John remains unemployed. *Id*. ¶ 1.

### 4. Maria Garcia Pagan

Plaintiff Maria Garcia Pagan is a 57 year-old resident of Ponce, Puerto Rico who participated in SCSEP through a national nonprofit grantee, the National Council on Aging, from September 22, 2023 until June 30, 2025, before she was furloughed on July 1. Pagan Decl. ¶¶ 1, 5, 11. Ms. Pagan has been unemployed since being furloughed. *Id*. ¶ 13.

### B. Proposed Class

The proposed class is defined as: All unemployed individuals who were engaged in SCSEP programs funded through grants to national nonprofits under 42 U.S.C. § 3056d(d) as of June 30, 2025.

### ARGUMENT

"By its terms, [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co*., 559 U.S. 393, 398 (2010). Class certification is appropriate where Plaintiffs satisfy the requirements under Rule 23(a) and fit into one of the categories under Rule 23(b). *See* Fed. R. Civ. P. 23. Rule 23(a) requires the proposed class to satisfy four criteria:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); *see also Bowers v. Russell*, 766 F. Supp. 3d 136, 145 (D. Mass. 2025). "The party must also satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). Here, Plaintiffs seek certification of a

class for injunctive and declaratory relief under Rule 23(b)(2). "A class qualifies for certification under Rule 23(b)(2) when 'the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.'" *Donovan v. Philip Morris USA, Inc.*, 268 F.R.D. 1, 11 (D. Mass. 2010) (quoting Fed. R. Civ. P. 23(b)(2)).

Plaintiffs satisfy each of the requirements for class certification under Rule 23(a) as well as the requirements under Rule 23(b)(2).

### I.    The Proposed Class Meets Rule 23(a) Requirements

### A.  The Proposed Class Meets Rule 23(a)(1) Requirements Because it is Sufficiently Numerous

Rule 23(a)(1) requires that a class be "so numerous that joinder of all members is impracticable."  "[T]he party seeking certification need not establish a precise number of putative class members." *Barbara v. Trump*, Civ. No. 25-cv-244, 2025 WL 1904338 at *4 (D.N.H. Jul. 10, 2025). Rather, this "low threshold" is met if the named plaintiffs show the potential number of plaintiffs is more than 40. *Garcia-Rubiera v. Calderon*, 570 F.3d 443, 460 (1st Cir. 2009); *Ruiz v. NEI Gen. Contracting, Inc*., 719 F. Supp. 3d 139, 149 (D. Mass. 2024).

Here, the estimated number of putative class members – tens of thousands of older Americans who want to work – far exceeds this low threshold. The putative class represents all unemployed individuals who were engaged in SCSEP programs funded through grants to national nonprofits under 42 U.S.C. § 3056d(d) as of June 30, 2025. The most recent publicly available information from Defendant Department of Labor is from its Fiscal Year 2024 Training and Employment Guidance Letter (TEGL) which shows there were 30,001 authorized SCSEP positions for non-minority national nonprofit sponsors, and an additional 1,418 for minority

national sponsors.[1] As of June 30, 2023, there were 26,566 program participants. Congressional appropriations remained level for Fiscal Years 2024 and 2025 (as they have since 2020). *See* Further Consolidated Appropriations Act, 2024, Pub. L. No. 118-47, Division D, Title I, 138 Stat. 460, 632 (Mar. 23, 2024) (appropriating $405,000,000 to carry out SCSEP in FY 2024); Full-Year Continuing Appropriations and Extensions Act, 2025, Pub. L. No. 119-4, 139 Stat. 9 (Mar. 15, 2025) ("2025 Full Year Continuing Resolution") (continuing funding at the same FY 2024 level in FY 2025). Although plaintiffs do not need to show a precise number to meet this numerosity requirement, *Reid v. Donelan*, 297 F.R.D. 185, 189 (D. Mass. 2014), multiple media reports confirm Defendants' failure to continue four-year SCSEP grants has caused tens of thousands of Americans to lose their program employment.[2]  Moreover, where, as here, plaintiffs seek only declaratory and injunctive relief, the requirement to demonstrate numerosity is further relaxed. *See McCuin v. Sec'y of Health & Hum. Servs.*, 817 F.2d 161, 167 (1st Cir. 1987).

Plaintiffs have met the numerosity requirement under Rule 23(a)(1) and the law of this Circuit.

---

[1] *See* Dep't of Labor, Emp. & Training Admin., Training and Employment Guidance Letter No. 13-23, Change 1 (Dec. 30, 2024), Attachments IA & IC, https://perma.cc/XL72-UV6Q. *See also* Dep't of Labor, Emp. & Training Admin., Training and Employment Guidance Letter No. 18-22 (May 15, 2023), Attachments IB and ID https://perma.cc/E2YQ-AD4S (similar numbers for 2023).

[2] *See, e.g.*, Rebecca Rainey, *Senior Job Training Funds Cut Ahead of Benefit Work Mandates*, Bloomberg Law (July 18, 2025), https://perma.cc/HQU5-HV2A; Alicia Wallace, *The Labor Department has suddenly stopped funding a senior job training program*, CNN (July 29, 2025), https://perma.cc/3XBF-BW3K.

### B.  The Proposed Class Meets Rule 23(a)(2) Requirements Because It Raises Common Questions of Law and Fact

Rule 23(a)(2) requires that "questions of law or fact" be "common to the class." Fed. R. Civ. P. 23(a)(2). "[A] single question of law or fact common to the members of the class will satisfy the commonality requirement." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 369 (2011). All that is required is that the "claims must depend upon a common contention" that "is capable of classwide resolution." *Id.* at 350. Thus, the relevant inquiry is not whether the class raises common questions but rather whether "a class-wide proceeding [can] generate common <u>answers</u> apt to drive the resolution of the litigation." *See Doe v. Noem*, 784 F. Supp. 3d 437, 468 (D. Mass. 2025), *quoting Dukes*, 564 U.S. at 350 (emphasis in original). Like numerosity, the commonality requirement is a "low bar." *See In Re New Motor Vehicles Canadian Export Antitrust Litig.*, 522 F.3d 6, 19 (1st Cir. 2008).

This case raises multiple legal questions common to the proposed class, any of which alone satisfies the requirement of at least "a single common question" of law and fact shared by all members of the proposed class. All class members raise the same claims based on the same set of facts. Thus, questions common to the proposed class include:

- Whether Defendants' new policies of withholding SCSEP funds while it conducts an indeterminate "review" of funds previously made available, and of not continuously maintaining SCSEP programs provided by national grantees during the four-year project period, are arbitrary and capricious in violation of the APA;

- Whether Defendants' decisions not to disburse funds to national nonprofit organizations running SCSEP programs by July 1, and not to continuously maintain SCSEP programs provided by national organizations during the four-

year project period, violates the Older Americans Act, appropriations acts, and the
APA;

- Whether OMB's actions to prevent DOL from obligating SCSEP funds grants to
  national nonprofits violates the Older Americans Act, appropriations laws, the
  Anti-Deficiency Act, and the APA;

- Whether Defendants are failing to fulfill, or at least unlawfully delaying, their
  mandatory statutory duty to fund SCSEP grants for four-year projects in violation
  of the APA; and

- Whether Plaintiffs are entitled to a writ of mandamus to compel Defendants to
  carry out their mandatory duties.

*See* Compl. ¶¶ 116-161. A determination that Defendants' conduct is unlawful "will resolve an
issue that is central to the validity of each one of the[se] claims in one stroke." *Dukes*, 564 U.S.
at 350.

Proposed class representatives and proposed class members also share a common core of
facts: each of them was a SCSEP participant when the program's prior funding expired on June
30 and has been denied the opportunity to continue in the program. Jones Decl. ¶ 15; St. John
Decl. ¶ 13; Davis Decl ¶ 7; Pagan Decl. ¶¶ 10-11. Proposed class representatives and proposed
class members thus will "have suffered the same injury"—denial of the ability to continue in
SCSEP under the auspices of the national organizations. *Dukes*, 564 U.S. at 350. And that
common injury is clearly "capable of classwide resolution." *Id*. Should the Court agree that
Defendants' actions violate the law, including the APA, and/or grant a writ of mandamus, all
class members will benefit from the requested relief: an injunction that will enable the national
organizations to obligate and expend funds during the program year that began on July 1, 2025.

Thus, a common answer as to the legality of the challenged policies, actions, and inaction will "drive the resolution of the litigation." *Id.* at 350.

### C. The Proposed Class Meets Rule 23(a)(3) Requirements Because the Claims and Defenses of the Representatives are Typical of Those of the Class

Where commonality looks to the relationship among class members generally, typicality under Rule 23(a)(3) "focuses on the relationship between the proposed class representative and the rest of the class." *See George v. Nat'l Water Main Cleaning Co*., 286 F.R.D. 168, 176 (D. Mass. 2012) (citing 1 William B. Rubenstein, Newberg on Class Actions § 3:26 (5th ed. 2012)). In practice, however, the analysis of typicality and commonality "tend to merge." *In re Credit Suisse-AOL Sec. Litig.*, 253 F.R.D. 17, 22 (D. Mass. 2008). To satisfy Rule 23(a)(3), "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *George*, 286 F.R.D. at 177 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997)).

"The representative plaintiff satisfies the typicality requirement when its injuries arise from the same events or course of conduct as do the injuries of the class and when plaintiff's claims and those of the class are based on the same legal theory." *In re Credit Suisse-AOL Sec. Litig.*, 253 F.R.D. at 23. "The typicality requirement 'is designed to align the interests of the class and the class representatives so that the latter will work to benefit the entire class through the pursuit of their own goals.'" *In re Pharm. Indus. Average Wholesale Price Litig.*, 230 F.R.D. 61, 78 (D. Mass. 2005) (quoting *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 531 (3d Cir. 2004)).

The interests of the proposed class representatives and proposed class members are aligned here. The proposed class representatives are members of the class who have suffered the same injury as the proposed class members: they lost their SCSEP employment due to

Defendants' actions and, also due to Defendants' actions and inaction, are denied the opportunity to continue, or seek to continue, in SCSEP. Their claims are "obviously typical of the claims … of the class" and satisfy  Rule 23(a)(3). *Baggett v. Ashe*, C.A. No. 11-cv-30223, 2013 WL 2302102, at *1 (D. Mass. May 23, 2013).

### D.  The Proposed Class Representatives and Class Counsel Can Adequately Represent the Class

Rule 23(a)(4)'s adequacy requirement is met where the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This inquiry "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods.,* 521 U.S. at 625. "The moving party must show first that the interests of the representative party will not conflict with the interests of any of the class members, and second, that counsel chosen by the representative party is qualified, experienced and able to vigorously conduct the proposed litigation." *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985).

Here, there is no conflict—much less a fundamental conflict that would prevent a plaintiff from meeting the adequacy requirement. *Cf. Matamoros v. Starbucks Corp.*, 699 F.3d 129, 138 (1st Cir. 2012). The proposed class representatives have claims that are the same as those of the proposed class and accordingly seek the same remedies as the proposed class. Plaintiffs are not aware of any conflicts of interest within the proposed class. Likewise, undersigned counsel are not aware of any conflicts of interest between members of the proposed class. The named plaintiffs have demonstrated their commitment to vigorously pursuing this case action, including by remaining in regular contact with counsel, thus representing the interests of the class. *See, e.g.*, Jones Decl. ¶ 21; St. John Decl. ¶ 20; Davies Decl. ¶ 13; Pagan Decl. ¶ 20.

In addition, "counsel chosen by the representative party is qualified, experienced, and able to vigorously conduct the proposed litigation." *Adair v. Sorenson*, 134 F.R.D.13, 18 (D. Mass. 1991). Proposed class counsel—undersigned counsel—also satisfy Rule 23(a) and (g). *See* Fed. R. Civ. P 23(g) (reciting the standards for appointing class counsel). Under Rule 23(g), a court that certifies a class must also appoint class counsel and consider:

    i.    the work counsel has done in identifying or investigating potential claims in the action;
    ii.    counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
    iii.    counsel's knowledge of the applicable law; and
    iv.    the resources that counsel will commit to representing the class.

The class would be represented by counsel from Democracy Forward Foundation and Jacobson Lawyers Group. Proposed class counsel have extensive experience litigating complex cases in federal court, including APA litigation and class actions. *See* Declaration of Steven Y. Bressler, Esq.; Declaration of Lynn Eisenberg, Esq. Undersigned counsel have performed significant work both identifying and investigating potential claims in the action, preparing the Complaint, and preparing the Motion for Preliminary Injunction filed on this date. Undersigned counsel are knowledgeable of the applicable law, will continue to commit significant resources to representing the proposed class, and are prepared to continue zealously representing the named plaintiffs and all proposed class members throughout all stages of this litigation through trial. *See* Bressler Decl. ¶¶ 2, 6-9; Eisenberg Decl. ¶¶ 2, 6-10.

## II.    The Proposed Class Satisfies Rule 23(b)(2) Requirements Because Classwide Injunctive or Declaratory Relief is Appropriate

"In addition to meeting the four requirements of Rule 23(a)," the plaintiffs "must show that the proposed class falls into one of the three defined categories of Rule 23(b)." *Reid*, 297 F.R.D. at 192. Here, the proposed class qualifies under Rule 23(b)(2), which applies when "the

party opposing the class has acted or refused to act on grounds generally applicable to the class, so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole." *Id*.

"The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Dukes*, 564 U.S. at 360 (citation omitted). Such a class would not be appropriate, however, when each class member "would be entitled to a different injunction or declaratory judgment . . . ." *Id*.

Plaintiffs' claims here satisfy Rule 23(b)(2). Defendants' unlawful behavior impacts the entire class. And because every member of the class is entitled to relief from Defendants' arbitrary, capricious, and unlawful actions and inaction, an appropriate injunction or declaration will provide classwide relief.

## **CONCLUSION**

The Court should grant Plaintiffs' Motion.

Dated: September 29, 2025                    Respectfully submitted,

*/s/ Steven Y. Bressler*
Steven Y. Bressler (D.C. Bar No. 482492)
Kali Schellenberg (MA BBO No. 694875)
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
kschellenberg@democracyforward.org
sbressler@democracyforward.org

*/s/ Daniel F. Jacobson*
Daniel F. Jacobson (D.C. Bar No. 1016621)
Lynn D. Eisenberg (D.C. Bar No. 1017511)
Kyla M. Snow (D.C. Bar No. 90036400)
Jacobson Lawyers Group PLLC
1629 K Street NW, Suite 300
Washington, DC 20006

(301) 823-1148
dan@jacobsonlawyersgroup.com

*Counsel for Plaintiffs*

﹒Pro Hac Vice

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2025, Plaintiffs' Motion for Class Certification, Memorandum in Support, and declarations in support thereof filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Steven Y. Bressler